RUSSELL, Judge.
Allen Ard (appellee), as president of Rob-ertsdale Insurance Center, Inc., filed suit against Curtis and Vivian Fent (appellants) for payment of insurance premiums owed by the appellants to the appellee for several policies of coverage. Following an ore tenus hearing, the trial court awarded the appellee $4,435.52, plus costs.
This appeal followed. We affirm.
The sole issue raised by the appellants regards the admissibility of two documents admitted into evidence at trial. Those documents were apparently offered to substantiate the appellee’s claim for damages. Both were invoices to the appellee from another insurance company for insurance coverage issued by that company on behalf of the appellants.
The appellants contend that these documents do not fall within the hearsay exception embodied in Rule 44(h), Alabama Rules of Civil Procedure, in that they were not demonstrated to have been made “in the regular course of any business” and it was not shown that it “was the regular course of the business ... to make such [documents].”
We conclude that a reasonable interpretation of the rule leads to the admissibility of these documents. The appellee testified that the documents were invoices paid by his company for insurance coverage issued to the appellants. He also detailed the procedure by which such insurance is acquired and the billing mechanism used to ensure payment for such coverage.
According to his testimony, the appellee acquires the insurance from a carrier and pays the premiums for all policies issued on behalf of his clients. The appellee then invoices the individual policyholder for the amount paid by the appellee on his behalf.
Furthermore, the appellee stated that these documents were maintained by his company in the normal course of business. He also testified that he was the named agent for the company whose invoices were being offered into evidence.
We find this to be a proper predicate for the introduction of the documents objected to. See, e.g., Hammett v. State, 482 So.2d 1330 (Ala.Crim.App.1985). Therefore, we conclude that these documents were properly admitted into evidence under the business records exception encompassed in Rule 44(h), A.R.Civ.P.
This case is due to be affirmed.
The appellee has requested an attorney’s fee for representation on appeal. That request is hereby denied.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.